UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K<span>EITH</span> G<span>OODWIN</span>,

   Plaintiff,         Hon. Paul L. Maloney

v.              Case No. 1:19-cv-859

F<span>LAGSTAR</span> B<span>ANK</span> and
S<span>TEVEN</span> S<span>MITH</span>,

   Defendants.
_____/

## REPORT AND RECOMMENDATION

   This matter is before the Court on the following motions: (1) Defendants' Motion for Summary Judgment and/or Dismissal (ECF No. 8); (2) Plaintiff's Motion to Enforce Credit Agreement Contract (ECF No. 2); and (3) Plaintiff's Motions for Summary Judgment (ECF No. 7, 11, and 14).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions be denied, Defendant's motion be granted, and this matter terminated.

## BACKGROUND

   Plaintiff initiated this action on October 18, 2019, against Flagstar Bank and one of its managers, Steven Smith.  (ECF No. 1).  In his complaint, Plaintiff alleges the following.

   Plaintiff is a "registered private banker."  (ECF No. 1 at PageID.21, 27-28, 31, and 39).  In this capacity, he drafted his own personal negotiable instrument (the

"Credit Agreement Payoff Security Instrument" or CAPSI).  (*Id.* at PageID.21-22). Pursuant to this instrument, Plaintiff's mortgage obligation to Fannie Mae and/or Nationstar Bank, in the amount of $69,000.00, is to be paid in full "from the account of and the obligations of the United States." (*Id.* at PageID.21).  Flagstar Bank and Steven Smith nevertheless refused to accept the CAPSI as payment of a mortgage debt. (*Id.* at PageID.1-4).  Plaintiff asserts two causes of action: (1) default and breach of the CAPSI, and (2) "financial discrimination." (*Id.* at PageID.3-4).  Plaintiff seeks $1,422,000.00 in damages.  (*Id.* at PageID.43-44).

Defendants have moved to dismiss Plaintiff's claims for failure to state a claim on which relief may be granted.  Defendants, in the alternative, also move for summary judgment.  Plaintiff has responded by filing three separate motions for summary judgment.  Plaintiff also filed, contemporaneously with his complaint, a motion requesting that the Court enforce the CAPSI and declare the subject mortgage obligation satisfied and released.

## LEGAL STANDARDS

### I. Motion to Dismiss

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  The Court need not accept as

true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits . . . in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## II.     Summary Judgment

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by

-4-

admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Thus, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

### I.    Defendants' Motion to Dismiss

While Plaintiff's complaint consists largely of conclusions and irrelevant assertions, it is apparent that Plaintiff's claims are based on what is known as the "vapor money theory." The genesis of the vapor money theory is that the decision by the United States to discard the gold standard resulted in the federal government's bankruptcy after which "lenders have been creating unenforceable debts because they are lending credit rather than legal tender." *Marvin v. Capital One*, 2016 WL 4548382 at *4 (W.D. Mich., Aug. 16, 2016) (citations omitted). Accordingly, pursuant to the vapor money theory, a

loan imposes no repayment obligation on the recipient if the indebtedness was funded with credit as opposed to hard currency. *See, e.g., Tonea v. Bank of America, N.A.*, 6 F.Supp.3d 1331, 1334 (N.D. Ga. 2014) (citations omitted); *Marvin*, 2016 WL 4548382 at *4 (citations omitted). From this flows the belief that "promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their signatures." *McLaughlin v. CitiMortgage, Inc.*, 726 F.Supp.2d 201, 212 (D. Conn. 2010) (citation omitted).

Courts have characterized the vapor money theory and claims premised on such as "nonsense," *Marvin*, 2016 WL 4548382 at *4, "frivolous," *Tonea, N.A.*, 6 F.Supp.3d at 1334, and "lack[ing] legal merit." *Johnson v. Deutsche Bank Nat. Trust Co.*, 2009 WL 2575703 at *3 (S.D. Fla., July 1, 2009). This Court reaches the same conclusion. Plaintiff has failed to allege facts sufficient to state any valid claim for relief. Accordingly, the undersigned recommends that Defendants' motion to dismiss for failure to state a claim be granted and Plaintiff's various motions for summary judgment be denied.

### II.     Plaintiff's and Defendants' Motions for Summary Judgment

In support of their motion for summary judgment, Defendants have submitted two affidavits that establish that Plaintiff is not indebted to Flagstar Bank and, moreover, that Flagstar Bank does not hold or service any mortgage to which Plaintiff is a party. (ECF No. 8-2 at PageID.148; ECF No. 8-3 at PageID.150). In response, Plaintiff has presented no evidence to the contrary, but has instead simply submitted even more self-

created – and self-serving – documents allegedly supporting his frivolous legal theories. The Court fails to discern how Defendants can be liable for failing to discharge Plaintiff's debt when there is absolutely no evidence that Plaintiff is indebted to Defendants. Thus, even if the Court assumes that Plaintiff's allegations somehow state a valid legal claim, Defendants are entitled to relief because there is no genuine factual dispute as to whether Plaintiff owes a debt to Defendants. Accordingly, the undersigned recommends, in the alternative, that Defendants are entitled to summary judgment and, furthermore, that Plaintiff's various motions for summary judgment be denied.

### III. Plaintiff's Motion to Enforce Credit Agreement Contract

Plaintiff requests that the Court enforce the Credit Agreement Payoff Security Instrument that he drafted and allegedly presented to Defendants. The Court interprets this pleading as a request by Plaintiff for injunctive relief. As discussed above, the legal theory on which Plaintiff's request is based is without merit and, moreover, even if such were not the case, Plaintiff has presented no evidence which, if believed, would entitle him to relief. Consideration of the relevant factors, therefore, weighs heavily against Plaintiff's request for injunctive relief. *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001); *Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that: (1) Defendants' Motion for Summary Judgment and/or Dismissal (ECF No. 8) be granted; (2) Plaintiff's Motion to Enforce Credit Agreement Contract (ECF No. 2) be denied; (3) Plaintiff's Motions for Summary Judgment (ECF No. 7, 11, and 14) be denied; and (4) this action be terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                                          Respectfully submitted,

Date December 23, 2019                            /s/ Phillip J. Green
                                                      PHILLIP J. GREEN
                                                      United States Magistrate Judge