UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH GOODWIN,                          )
                    Plaintiff,          )
                                        )        No. 1:19-cv-859
-v-                                     )
                                        )        Honorable Paul L. Maloney
FLAGSTAR BANK and STEVEN SMITH,         )
                    Defendants.         )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Keith Goodwin sued Flagstar Bank and one of its employees, Steven Smith. Goodwin proceeds without the benefit of counsel. As best the Court can tell, Goodwin presented Smith with a document, a Credit Agreement Payoff Security Instrument, as a payoff or discharge or satisfaction of a mortgage note. Smith apparently accepted the document by holding it in his hand. The Court assumes Flagstar Bank has not treated the document with the significance intended by Goodwin.

Soon after the complaint was filed, both parties submitted motions. Goodwin filed a motion to enforce the credit agreement (ECF No. 2), and three motions for summary judgment (ECF Nos. 7, 11, and 14.) Defendants filed a joint motion for summary judgment and to dismiss. (ECF No. 8.) The matters were referred to the magistrate judge who issued a report recommending the Court grant Defendants' motion and deny Goodwin's motions. (ECF No. 18.) Goodwin filed objections. (ECF No. 19.)

# I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court has endeavored to address the concerns Goodwin raises in his objections.

1. Improper Ex Parte Meeting. Goodwin contends the attorneys for Defendants met secretly with the magistrate judge on November 12, 2019. Goodwin acknowledges that he was not present for the meeting and speculates that the meeting was about his case.

This objection is overruled. Goodwin's allegations do not address any finding of fact or conclusion of law contained in the Report and Recommendation. Goodwin presents no evidence that any ex parte meeting occurred. Even assuming such meeting did occur, Goodwin concedes he does not know what was discussed at the meeting.

2. Background. Goodwin disputes the summary of the facts contained in the Report and Recommendation.

This objection is overruled. The summary of the relevant events giving rise to this lawsuit are fairly and succinctly summarized in the "Background" portion of the Report and Recommendation. Goodwin objects to the omission of some of the words used in his complaint that are not included in the Report and Recommendation. Whether the

instrument presented to Defendants was "legally processed" does not change the fact that Goodwin himself drafted the document.

3. Causes of Action. The magistrate judge identified two causes of action or claims in the complaint. Goodwin objects and identifies ten claims in his complaint. He also contends the ex parte meeting constitutes another claim and asserts that additional violations of his rights will have to be added.

The Court will overrule this objection. Initially, the magistrate judge's succinct summary of the claims is understandable. Internally, the complaint contains one heading using the words "First Cause of Action" and a second heading using the words "Final Cause of Action." Goodwin likely has included allegations to support more than just two causes of action, even if those causes are not explicitly set forth in the complaint. That said, the lynchpin of all of Goodwin's claims is the legal significance of the document he presented to Smith and Flagstar Bank. If that document does not have any legal significance, all of Goodwin's claims fail. Thus, any error here is harmless.

4. Legal Standards. Goodwin objects to the portion of the Report and Recommendation setting forth the legal standards for evaluating a motion to dismiss and a motion for summary judgment.

This objection is overruled. The Federal Rules of Civil Procedure, Rules 12 and 56, authorize the motions. Over the years, courts have developed standards for evaluating and analyzing the different types of motions. Goodwin clearly read the cases cited by the magistrate judge. Goodwin focuses on the facts in those cases and correctly notes that those facts are not relevant to this lawsuit. But, the magistrate judge did not cite the opinions for

the facts in those cases.  Those opinions are useful because they set forth the standards by which the claims in any lawsuit will be evaluated when addressed by a motion to dismiss or a motion for summary judgment.

5.  Summary Judgment.  Here, Goodwin states he "will not waste [his] time or intelligence commenting or rebutting against the Magistrate's 'Formatted, Sample Business Letter, Preprogrammed Arguments' against the Claimant."

Any objection here is overruled.  The magistrate judge accurately summarized the law that all courts must apply when considering a motion for summary judgment.  And, when presented with a report and recommendation, the party objecting has an obligation to specifically identify his or her concerns.

6.  Analysis.  Goodwin reiterates his concern that the magistrate judge has acted improperly.  Goodwin does not, however, engage the magistrate judge's discussion of motions or the magistrate judge's recommendations.

The Court concludes any objection here is waived.  In this portion of the Report and Recommendation, the magistrate judge cites legal authority which explains why the lynchpin of all of Goodwin's claims must fail.  Goodwin's claims arise from his belief that the document he presented has some legal significance.  Federal courts have found that this underlying theory is "nonsense," "frivolous," and lacks "legal merit."  Goodwin has not identified any authority suggesting a different conclusion.  More problematic for Goodwin, the magistrate judge concludes that Flagstar Bank does not hold or service any mortgage to which Goodwin is a party.  Goodwin has not presented any facts to undermine this conclusion.

## II.

For these reasons, the Court **ADOPTS** the Report and Recommendation (ECF No. 18) as its Opinion. Defendants' motion for summary judgment (ECF No. 8) is **GRANTED.** Plaintiff's pending motions (ECF Nos. 2, 7, 11, and 14) are **DENIED.**

**IT IS SO ORDERED.**

Date: _January 17, 2020_                              _/s/ Paul L. Maloney_
                                                    Paul L. Maloney
                                                    United States District Judge